CASE 77—INDICTMENT—MAY 16.

# Waller v. Commonwealth.

### APPEAL FROM BARREN CIRCUIT COURT.

AN INDICTMENT CHARGING THE DEFENDANT WITH THE OF-
FENSE OF "PASSING COUNTERFEIT MONEY, knowing the same to be
counterfeit, with the intention of circulating the same," alleged
to have been committed by defendant by having in his posses-
sion and "passing a $10 gold coin, knowing the same to be forged
and counterfeit and with the intention of circulating the same,"
is fatally defective in failing to aver that such coin was in cir-
culation, and also in failing to give any sufficient description of
the coin so alleged to have been passed, the offense intended to
be charged being that denounced by sec. 1181, Kentucky statutes,
and not that denounced by sec. 1190 Kentucky statutes.

BAIRD & DICKEY and BOLES & DUFF FOR APPELLANT.

1. The indictment charging the appellant with the offense of pass-
ing counterfeit money, knowing it to be counterfeit and with the
purpose of circulating same, was defective in failing to charge
that the coin alleged to have been passed was one "passing as
current in this State." (General Statutes, chapter 29, article 9,
sec. 1.)
2. The indictment was also defective in failing to state by what nat-
ionality, government or authority the current coin was stamped
and coined into money, and that the coin passed was a false like-
ness of the said current coin and was known to be so by the ap-
pellant. (Wharton's Criminal Law, page 594.)
3. The evidence of one who was not an expert as to the genuineness
of coins, to the effect that the appellant had shown him a coun-
terfeit coin similar to the one produced in court was incompe-
tent.
4. The court below should have granted a new trial to the appellant
on the ground of newly-discovered testimony as set forth in the
affidavits filed.

WM. J. HENDRICK, ATTORNEY GENERAL, FOR APPELLEE.

The indictment against the appellant was found and returned
under sec. 1190 of the Kentucky Statutes, which describes and
defines the offense of "keeping in one's possession any counter-

feit bank note or counterfeit gold, silver or other coin, knowing the same to be forged and counterfeited, with the intention of circulating same," and not under sec. 1181 as contended by counsel for appellant, and hence an allegation that the coin alleged to have been passed as counterfeit "passed as current in this State" was not necessary.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

This appeal is prosecuted by the appellant, John Waller, from a judgment of the Barren Circuit Court, rendered upon an indictment charging him with the crime of passing counterfeit money, knowing the same to be counterfeit.

Appellant demurred to the indictment, which demurrer was overruled, and, upon the first hearing of the prosecution, the jury failed to agree. A second trial resulted in a verdict of guilty, and fixing the punishment at confinement in the penitentiary for the term of five years. Appellant's motion in arrest of judgment, and motion for a new trial, having been overruled, he has appealed to this court. Several grounds are relied on in the motion for a new trial that need not be noticed. The indictment is in the following words: "The grand jury of Barren county, in the name and by the authority of the Commonwealth of Kentucky, accuse John Waller of the crime of passing counterfeit money, knowing the same to be counterfeit, with the intention of circulating the same, which was as follows, to-wit: Heretofore, to-wit, on the .. day of December, 1893, and in the county and Commonwealth aforesaid, the said John Waller did then and there unlawfully and feloniously have in his possession, and passing a ten-dollar gold coin to C. B. Whitney, knowing the same to be forged and counterfeited, and with the intention of circulating the same, and with the felonious intention to defraud the said Whitney, contrary to the form of the statute in such cases made and provided,

and against the peace and dignity of the Commonwealth of Kentucky."

It is insisted by the appellant that the indictment is fatally defective, while the appellee contends that it is sufficient, and that it was found under sec. 1190 of the General statutes, and suggests that appellant's assumption that the indictment was for the offense defined in sec. 1181, is erroneous. The charge in the indictment clearly imports a charge for passing counterfeit money, and the court below so understood it, as clearly appears from the instruction given. Sec. 1181, Kentucky statutes, provides, in substance, that if any person shall forge or counterfeit any gold, silver, or other coin, which is or hereafter shall be passing as current in this State, or shall, knowingly and falsely, utter, pay or tender in payment any such coin, he shall be confined in the penitentiary not less than five nor more than fifteen years.

The indictment in question is fatally defective in failing to aver that such coin was in circulation, and also in failing to give any sufficient description of the coin so alleged to have been passed. The indictment would not be good under sec. 1190, because no sufficient description of the coin was given, nothing by which the coin could be identified. The indictment does not state what government issued such coin, or by what authority, nor when it was issued.

In Commonwealth v. Fields, 5 Ky. L. R., 610, it was held that the averment "a counterfeit coin of the half dollar denomination, resembling the coin commonly called half dollar of the United States of America," was not a sufficient description of the coin. Also see 1 Wharton's Criminal Law, sec. 720, etc.

For the reasons indicated, the judgment of the court be-

low is reversed and case remanded, with direction to set aside the judgment and verdict, and to sustain the demurrer to the indictment, and for further proceedings consistent with this opinion.